IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISON

BILLY T. MILLER,
PLAINTIFF,

V.

BAYLOR COLLEGE OF MEDICINE
FEDERAL CREDIT UNION
AND BAYLOR COLLEGE OF MEDICINE,
AND TWO UNKNOWN HOUSTON POLICE OFFICERS,
DEFENDANTS.

PLAINTIFF, BILLY T. MILLER'S, ORIGINAL COMPLAINT

This lawsuit is brought by Billy T. Miller, hereinafter and sometimes referred to as Plaintiff, complaining with respect to conduct by Defendants to violate the Plaintiff's rights.

This lawsuit is brought against Baylor College of Medicine Federal Credit Union and Baylor College of Medicine, hereinafter and sometimes referred to as Defendants and two unknown Houston Police Officers [Bivens claim]. Plaintiff would complain that Defendants have violated Plaintiff's federal rights and his pendant state rights under Texas law; Plaintiff would show unto the Court as follows, to-wit:

## JURISDICTION

1. Jurisdiction vests with this Court under 28 United States Code sections 1331 (federal question) and 1343 (civil rights cases); Fourteenth Amendment of the United States Constitution and 42 United States Code section 1983.

2. This Court has jurisdiction over the pendant state claims.

## PARTIES

3. Plaintiff, Billy Miller, is a resident of Fort Bend County, Texas at all times material to this action.

4. Defendant, Baylor College of Medicine Federal Credit Union ("BCMFCU"), is a not-for-profit federal credit union and a member of the National Credit Union Administration (NCUA) and can be served with process by serving its registered agent.

5. Defendant, Baylor College of Medicine, is a medical/educational facility located in Houston, Harris County, Texas and can be served through its registered agent.

6. Two unknown police officers affected the detention and violation of Plaintiff's rights under federal law; said officers were acting under color of state law and are state actors herein.

UNDERLYING FACTS

7. Plaintiff is a long-term employee of Baylor College of Medicine and at all times material to this action was a member of Defendant organization.

8. On or about May 1, 2007, Plaintiff attended the Annual Meeting for the Shareholders of BCMFCU in the Cullen Auditorium on Baylor College of Medicine’s Main Campus.

9. As a member of Defendant organization, Plaintiff desired to attend the meeting to voice his belief that the President of the Defendant credit union was corrupt and had taken actions in lending funds of the credit union that were questionable.

10. Plaintiff printed a T-shirt, created posters, 200 4 x 6 cars and set up a video camera to document the meeting.

11. Plaintiff felt that the video camera was necessary to document and to protect himself from allegations of inappropriate behavior.

12. During the course of the meeting, Plaintiff abided by the bylaws of the organization and waited for his opportunity to speak (“New Business” Agenda item).

13. When the Chair, Keith Davis, got to that portion of the Agenda that dealt with New Business, the Chair immediately called for the meeting to adjourn.

14. Plaintiff arose from his seat and proceeded to the front of the room, and stated "No! We do not want to adjourn. I have some issues I want to discuss."

15. Plaintiff then held the posters above his head and stated, "my name is Billy Miller. I have been a member of the credit union for 14 years."

16. Before Plaintiff could continue, agents for the Defendants, two Houston Police Officers and unidentified men from Baylor College of Medicine's Security Team grabbed Plaintiff by his arms and forced him from the auditorium. Plaintiff was removed with force.

17. Plaintiff was brought outside the auditorium, forcefully pinned against the wall, frisked and all items taken from his pockets.

18. Plaintiff was then approached by a David Glandorf, BCM Security and was told, "Billy there is a time and place for everything."

19. Plaintiff responded, "I'm a member of the credit union, and this was the time and place." During this time, Plaintiff was handcuffed.

20. Plaintiff was then marshaled by force to the Security Office. While being detained, Plaintiff was told by a Defendant BCM's agent, Roger Piper, that it was illegal to videotape the meeting.

21. Ultimately David Glandorft, BMC Security, informed Plaintiff that they were not interested in arresting Plaintiff but that he would be escorted off the campus.

Cause of Actions – State Law Pendent Claim

22. Plaintiff sues for assault and battery. Plaintiff’s conduct was illegal and part of the right accorded to him under the Board by-laws and with respect to rights of a taxpayer to question expenditures of a not-for-profit organization.

23. Plaintiff was a member of the organization and had a right to address those Board Members who worked for him.

24. The assault was unwarranted and illegal and at the behest of the Defendant(s) organization.

25. The assault invaded the personal dignity of Plaintiff causing Plaintiff pain both physically and mentally.

Illegal Detention and Search and Seizure
Under Federal and State law

26. Plaintiff sues for illegal and detention and/or seizure in violation of his under federal and state law. Plaintiff’s had violated no laws, was legally attending the meeting and was seeking to address his rights as a board

member concerns with the actions of Defendant(s) organization.

27. Defendant, unknown Houston Police Officers [Bivens' claim], violated Plaintiff's rights by illegal searching and seizing Plaintiff without any authorization under law (no crime had been committed, no probable cause existed and Plaintiff had an absolute right to be present).

28. To hide and cover the actions of the state and private actors, Defendants retrieve personal property of Plaintiff (tape of meeting).

29. The actions of the private actors also violate Texas law and constitute an intentional tort.

PRAYER FOR RELIEF

30. Plaintiff prays after citation Defendants be required to appear and answer and after trial by jury, Plaintiff prays for damages in the following increments, to-wit:

A. Damages for the physical and mental pain and suffering Plaintiff suffered but for the acts of Defendant. Plaintiff prays for compensatory damages in the amount of $250,000.00;

B. Medical bills proximately caused by Defendants' actions;

C. Prejudgment and post-judgment interest;

D. Costs of court;

E. All matters in law and equity that Plaintiff may be deemed entitled.

F. Reasonable and necessary attorneys' fees under 42 United States Code section 1988.

DATE: May 1, 2009.

Respectfully submitted,

/S/ ANTHONY P. GRIFFIN

ANTHONY P. GRIFFIN
ATTORNEY-IN-CHARGE

A GRIFFIN LAWYERS
1115 MOODY
GALVSTON, TEXAS 77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300

ATTORNEY FOR PLAINTIFF
BILLY T. MILLER

c:word.miller_billy.original_complaint[federal].2007.2967