**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BILLY T. MILLER, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-09-1332 |
| | § |
| BAYLOR COLLEGE OF MEDICINE | § |
| FEDERAL CREDIT UNION, *et al.*, | § |
| | § |
| Defendants. | § |

**ORDER**

Billy Miller brought this personal injury suit against Baylor College of Medicine ("Baylor"), Baylor College of Medicine Federal Credit Union (the "Credit Union"), and two unknown Houston police officers. On December 18, 2009, Baylor moved to dismiss under Rule 12(b)(5) for improper service of process. (Docket Entry No. 10). Miller has not responded.

The Federal Rules of Civil Procedure authorize service on a corporation or other entity by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." FED. R. CIV. P. 4(h)(1). Under the Federal Rules, this service may be made by "[a]ny person who is at least 18 years old and not a party." FED. R. CIV. P. 4(c)(2). Miller has twice attempted to serve Baylor, using certified mail with a waiver of service request included. Baylor has not signed or returned a waiver.

Although the Federal Rules do not provide for service by mail, they do provide a waiver-of-service procedure that may operate by mail. To obtain a waiver, the plaintiff must mail the defendant the complaint, along with some additional information, two copies of a waiver form, and

"a prepaid means for returning the form." FED. R. CIV. P. 4(d)(1). The plaintiff must "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." FED. R. CIV. P. 4(d)(1)(F). Rule 4 encourages defendants to sign and return waiver forms by providing that a defendant who fails to waive without good cause must pay the plaintiff's expenses in effecting service (and any attorney's fees necessary to recovering those expenses). FED. R. CIV. P. 4(d)(2); *see Estrella v. P.R. Painting Corp.*, 2006 WL 3359485, at *1 (E.D.N.Y. 2006). Failure to return a valid waiver form does not mean that the defendant has been properly served. The only effect is to trigger this cost-shifting rule.

Baylor states that it was not given any prepaid means for returning the waiver form. Miller has not shown that the waiver request complied with the requirement that prepaid means for returning the form was provided. Because the record does not show that Miller provided a prepaid means for returning the waiver, the prerequisites to a waiver request were not met. Rule 4(d)(2) does not apply.

Rule 4 also allows service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Under Texas law, one means of service is "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX. R. CIV. P. 106(a)(2). Such service must be made by a person authorized by Rule 103 of the Texas Rules. Rule 103 allows service by persons authorized by law, such as a sheriff or constable, or by court order, "[b]ut no person who is a party to or interested in the outcome of a suit may serve any process in that suit." TEX. R. CIV. P. 103.

Miller has not shown that service was made by an authorized person in this case. *See Systems Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990) (stating that the party serving process has the burden to show that service was valid). The certified mailing was sent by Miller's attorney. Miller has not shown that this attorney was authorized by law or court order to serve process. And, as Miller's attorney in this case, Griffin is a person "interested in the outcome," which makes the service ineffective under Texas law. *See West v. Terry Bicycles, Inc.*, 230 F.3d 1382, 2000 WL 152805, at *3 (Fed. Cir. Feb. 10, 2000) (applying Texas law); *Coleman v. Sentinel Transp. L.L.C.*, No. 09-1510, 2009 WL 3834438, at *3 (S.D. Tex. 2009); *Jackson v. United States*, 138 F.R.D. 83, 87-88 (S.D. Tex. 1991).

Baylor's motion to dismiss for ineffective service of process is granted. In the absence of any response from Miller, the claims against Baylor College of Medicine are dismissed, without prejudice.

SIGNED on January 22, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge