IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY T. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1332 |
| | § | |
| BAYLOR COLLEGE OF MEDICINE | § | |
| FEDERAL CREDIT UNION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Billy Miller brought this personal injury suit against Baylor College of Medicine ("Baylor"), Baylor College of Medicine Federal Credit Union (the "Credit Union"), and two unknown police officers. On January 22, 2010, this court granted Baylor's motion to dismiss the claims against it based on ineffective service of process. (Docket Entry No. 11). Miller has moved for reconsideration of that ruling and asked for an additional ten days in which to attempt service on Baylor. (Docket Entry No. 12). Baylor has responded. (Docket Entry No. 13).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir.1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Tran Enters., LLC v. DHL Express (USA),*

*Inc.*, No. 08-2748, 2010 WL 148404 (S.D. Tex. Jan. 12, 2010). Miller moved for reconsideration 10 days after the summary judgment order, meaning that the motion falls under Rule 59(e).

Although the Rule 59(e) standard "favors denial of motions to alter or amend a judgment," *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993), the "district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)," *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). "The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.*; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995) ("Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.").

In this case, this court is mindful of the two competing imperatives identified by the Fifth Circuit. The order dismissing Baylor was entered without any response by Miller, without all of the available factual information. Given Miller's prompt filing of this Rule 59(e) motion and the nature of the issues, the cost to finality is not great. The balance tips in favor of reconsidering the January 22 order.

Rule 4(m) states that if appropriate service is not made within 120 days of filing the complaint, the court may either dismiss without prejudice as to the unserved defendant or "order that service be effected within a specified time." FED. R. CIV. P. 4(m). If the plaintiff shows good cause, the court *must* choose the second option. *Id.* Courts have discretion to enlarge the 120-day period even if there is no good cause shown. *Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638 (1996).

Miller will be prejudiced as a result of counsel's failed attempts at service. Allowing a short period in which to again attempt service will not unfairly prejudice Baylor, which clearly has notice of this suit. Miller's motion is granted. The order dismissing Baylor is vacated. Miller must serve Baylor by **Monday, March 8, 2010**. If he does not do so and file proof of service by **March 15, 2010**, the dismissal will be reinstated.

SIGNED on February 24, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge