IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY T. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1332 |
| | § | |
| BAYLOR COLLEGE OF MEDICINE | § | |
| FEDERAL CREDIT UNION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Billy T. Miller, works for the Baylor College of Medicine (BCM) and is a member of the Baylor College of Medicine Credit Union (BCMFCU). Miller sued both BCM and BCMFCU, as well as two Houston police officers, after he was escorted out of a BCMFCU meeting in May 2007. Miller asserted federal law claims against BCM and the officers and state-law claims for assault and battery and false imprisonment against both BCM and BCMFCU. After discovery, both BCM and BCMFCU moved for summary judgment. (Docket Entries No. 24, 25). In response, Miller voluntarily stipulated to the dismissal of the two officers and against BCM and did not address any state-law claim against BCM. (Docket Entry No. 31). The claims against BCM, both state and federal, are accordingly dismissed, with prejudice. Miller asks this court to deny BCMFCU's summary judgment motion and to allow the state law assault claims to be refiled in the state court.

For the reasons stated below, the motion for summary judgment filed by BCM is granted. The claims against BCM and the police officers are dismissed on the plaintiff's stipulation, with prejudice. The motion for summary judgment filed by BCMFCU is granted as to the wrongful

imprisonment claim and denied as to the assault claim. The joint pretrial order is due on **February 23, 2011** and docket call will be held as scheduled.

I.      **Background**

Miller works for BCM as a multimedia manager, handling television program production. (Docket Entry No. 31-1, Miller Depo., 22–23). In the spring of 2007, Miller became concerned that his personal information had been released by BCMFCU. His request to have his concern put on the agenda for the annual meeting was denied. (*Id.*, 50–52). On May 1, 2007, he attended the annual meeting of the BCMFCU. At the meeting, he carried with him two posters, a video camera, and a wireless microphone. One poster was of his domestic partner, a former BCMFCU employee, and was designed to make her feel better about having worked there. The second was a poster of a courtroom scene in San Antonio with two individuals who he understood were members of the credit union. Miller brought the video camera to record what he said at the meeting, because he intended to speak. (*Id.*, 61–64).

The meeting was presided over by the BCMFCU chair, Keith Davis. The president, Tony Black, was also present. Miller asserted that after the election, the meeting was adjourned. He then stood up and said that he had concerns that he wanted to share. At that point, according to Miller, three or four men rushed him, grabbed the posters, and took him out of the meeting. He was placed in handcuffs, detained for an hour, and then left. (Docket Entry No. 31-3, Letter to BCM).

Miller agrees that no one from the BCMFCU physically touched him or detained him. He argues that when he got up, he heard (but did not see) Credit Union President Black say "get him now." Based on this statement, Miller argues that BCMFCU can be held liable for assault, battery,

2

and wrongful imprisonment. BCMFCU moves for summary judgment on the basis that there was no touching by a BCMFCU employee or agent and no detention by any BCMFCU agent.

## II.     The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's

claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

### III.    Analysis

#### A.    Assault

In Texas, the definition of assault is the same for either a criminal or civil case. *See Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 1999, no pet.). "A person commits an assault if he 'intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.'" *Id.* (citing TEX. PEN. CODE ANN. § 22.01(a)(3)). To establish a claim for assault and battery in a civil action, the plaintiff must show that the defendant intentionally or knowingly threatened him with imminent bodily injury. *See Robinson v. State,* 630 S.W.2d 394, 403 (Tex.App.-San Antonio 1982, pet. ref'd.). Moreover, to prevail, a plaintiff must show that physical contact occurred. *See Preble v. Young,* 999 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1999, no pet.). However, where "one person assists another in making an assault, both are principals and liable in damages for any injury inflicted." *Milliken v. Skepnek*, No. 14-96-01522-CV, 1999 WL 496505, at *6 (Tex. App.—Houston [14th Dist.] July 15, 1999, no pet.) (*citing Stein v. Meachum,* 748 S.W.2d 516, 518–19 (Tex. App.—Dallas 1988, no writ)). "Anyone who commands, directs, advises, encourages, procures, controls, aids or abets a wrongful act by another, is just as responsible for the wrongful act as the one who actually committed it." *Id.*

4

Nevertheless, "[o]vert participation or some form of encouragement in the commission of the assault is required." *Id.*

Miller admits that no BCMFCU employee or representative touched him. Instead, the only touching was done by security officers who were BCM employees. (Docket Entry No. 25, Ex. 2, Miller Depo., 94). The theory of assault is that Black, the president of the BCMFCU, instigated the assault by saying "get him, now," which Miller asserts was the "cue to the BCM security team to enter and assault" Miller. (Docket Entry No. 32-1, Miller Depo., 103). Miller speculated that Davis or Black gave the order to the BCM security team to come to the auditorium in the first place, but Miller acknowledged that this was "purely my assumption." (*Id.*). He also acknowledged that he did not see Black make the statement, "get him, now," but he testified that he heard the statement and recognized Black's voice. (*Id.*, 97–98).

Texas cases allow liability for assault if the defendant has taken a specific action to encourage the assault. *Lewis v. Cont'l Airlines, Inc.,* 80 F. Supp. 2d 686 (S.D. Tex. 1999), is instructive. In *Lewis,* the plaintiff encountered problems with his airplane flight and ended up missing a flight and separated from his luggage. He acknowledged that, out of frustration, he said something about a bomb in his bag. An airline employee summoned a security officer. The plaintiff alleged that the officer subjected him to extended interrogation, handcuffed him, manhandled him, and took him to jail, where he spent the night. The charges were later dismissed. The plaintiff sued the airline and the officer, as well as the individual airline employee, alleging assault and false imprisonment, among other things. *Id.* at 691–92. In granting summary judgment to the airline and its employee, the court found dispositive that no airline employee asked that the plaintiff be arrested, did not direct the officers to restrain the plaintiff, and did not instruct the police officers who arrived

on the scene how to perform their official duties. *Id.* at 696. "[T]he evidence indicates that [defendant] merely turned the matter over to security and was not otherwise involved in any actions taken by the [police]." *Id*. Similarly, in *Darden v. E-Z Mart Stores, Inc.*, No. 2-05-CV-64, 2006 WL 163219 (E.D. Tex. Jan. 20, 2006), a store employee asked the plaintiff to leave the store and he refused. The employee called the police, who allegedly assaulted and wrongly arrested the plaintiff. *Id.* at *2. The court granted summary judgment on the assault cause of action because the evidence showed that the officer had made up his mind to force the plaintiff to leave the store before the officer even arrived. *Id.* The only evidence to substantiate the assault claim is that the store employee made a telephone call to request the police to arrive, and did not direct the officer when he did arrive or order the plaintiff to be arrested or restrained. *Id.*

In the present case, the plaintiff, Miller, has presented evidence that he heard the president of the BCMFCU direct the security officers to "get him, now." This evidence distinguishes this case from both *Lewis* and *Darden* by raising a fact issue as to whether a BCMFCU representative directed the officers to seize Miller.

BCMFCU moves to strike the summary judgment evidence Miller presented. (Docket Entry No. 32, at 1). The first ground, that the summary judgment response was filed a day late, is overruled. The second ground is that Miller has included irrelevant information in his response. This court agrees but has not considered any of that information in ruling on summary judgment. The third ground is that Miller did not explain how he recognized Black's voice. This is overruled because Miller testified that he had been present during the meeting, and this goes to the weight rather than the admissibility of Miller's testimony. Similarly, the objection that Miller did not make any reference to a statement by Black in a letter Miller wrote in May 2007 also goes to the weight

of the evidence. In short, the evidence is weak and conflicting, but it is enough to defeat summary judgment on the state-law assault claim.

BCMFCU's motion for summary judgment on assault is denied.

### B. False Imprisonment

Miller also asserts claims of false imprisonment against BCMFCU. In Texas, "[t]he elements of false arrest and false imprisonment are similar enough to be indistinguishable." *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex. App.—Corpus Christi 1998, no pet.). To establish the intentional torts of false arrest or false imprisonment, the plaintiff must show (1) willful detention, (2) without consent, and (3) without authority of law. *Gladden v. Roach*, 864 F.2d 1196, 1201 (5th Cir. 1989). "A detention may be accomplished by violence, by threats, or by any other means that restrains a person from moving from one place to another." *Grant v. Stop-N-Go Mkt. of Tex., Inc.*, 994 S.W.2d 867, 872 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Liability extends to any person who directs or requests an unlawful detention, including private citizens who request law enforcement officers to arrest a third party. *See Reichender v. Skaggs Drug Ctr.*, 421 F.2d 307, 311 (5th Cir. 1970).

*Lewis v. Continental Airlines* and *Darden v. E-Z Stores* are again instructive. In both, there was no evidence that the defendants did more than summoning the police and identify the plaintiff. The law is clear that a defendant who summons the police, reports an alleged crime, and identifies the offender, is not liable for any subsequent false imprisonment. *Lewis*, 80 F. Supp. 2d at 702; *Darden*, 2006 WL 163219, at *1; *see also Meade v. Dillard Dept. Stores*, No. 00-51223, 2001 WL 1223752, at *5 (5th Cir. Oct. 4, 2004). In this case, there is no evidence that any BCMFCU employee directed or requested the officers to detain Miller for any period. Indeed, there is no

evidence of any communication to the officers by any BCMFCU employee other than the testimony that Black stated, "get him, now." There is no evidence of any direction to the officers after Miller was taken out of the auditorium. This evidence cannot support a false imprisonment claim and requires a finding of summary judgment in BCMFCU's favor on the wrongful imprisonment claim.

## III.     Continuing Jurisdiction

Once a district court has "dismissed all claims over which it has original jurisdiction," it may remand the case to state court. 28 U.S.C. 1367(c)(3); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 226–27 (5th Cir. 1999). Whether to retain jurisdiction is within the court's discretion. *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court is "guided by the statutory factors set forth in § 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Judicial economy weighs in favor of retaining jurisdiction if the court has invested "a significant amount of judicial resources in the litigation" as measured by, among others, the length of time the litigation has been pending in federal court, the volume of record produced, the number of motions filed and considered, the completion of discovery, and the proximity of trial. *See id.* at 602–03 (collecting cases); *see also Mendoza v. Murphy*, 532 F.3d 342, 347 (5th Cir. 2008) (considering the trial court's "substantial familiarity with the merits of the case" and that the claims were fully developed and ripe to hold that the district court did not abuse its discretion in retaining jurisdiction over state claims (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992)).

In this case, the docket control order calls for the joint pretrial order to be filed on February 10, 2011 and docket call to be held on February 25, 2011. This court has invested time and effort

in learning the case, in part because the plaintiff asked this court to deny the summary judgment motion filed by BCMFCU. The time the case has been pending, the motions that have been filed and decided, and the proximity of trial, all weigh in favor of retaining this case.

**IV.     Conclusion**

For the reasons stated below, the motion for summary judgment filed by BCM, (Docket Entry No. 25), is granted. The claims against BCM and the police officers are dismissed on the plaintiff's stipulation, with prejudice. The motion for summary judgment filed by BCMFCU, (Docket Entry No. 24), is granted as to the wrongful imprisonment claim and denied as to the assault claim. The joint pretrial order is due on **February 23, 2011** and docket call will be held as scheduled.

SIGNED on February 16, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge